UNITED STATES of America,
Plaintiff–Appellee,

v.

Elmer J. CANTRELL, also known as
Lucky, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Sam F. LONG, Defendant–Appellant.

Nos. 92–3577, 92–3581.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1993.

Decided July 30, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied Sept. 7, 1993.

James R. Wyrsch, Kansas City, MO, argued (Michael P. Joyce, on the brief), for defendant-appellant.

Sheryle L. Jeans, Asst. U.S. Atty., Kansas City, MO, argued (Jean Paul Bradshaw and Bruce E. Clark, on the brief), for plaintiff-appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Sam F. Long and Elmer J. Cantrell appeal from their convictions for conspiring to embezzle money from a union in violation of 18 U.S.C. § 371 (1988), embezzling money from a union in violation of 29 U.S.C. § 501(c) (1988) and 18 U.S.C. § 2 (1988), and unlawfully transporting stolen money in violation of 18 U.S.C. §§ 2 and 2314 (Supp. III 1991). A jury convicted Long and Cantrell on these counts, but the district court[1] ordered acquittals because of insufficient evidence of fraudulent intent. *United States v. Long*, 757 F.Supp. 1038 (W.D.Mo.1990). We reversed the district court's order of acquittals and affirmed the jury's convictions in *United States v. Long*, 952 F.2d 1520 (8th Cir.1991), *cert. denied*, ── U.S. ──, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992). The district court then sentenced Long and Cantrell to two years probation and 200 hours of community service. Long and Cantrell appeal, arguing that their convictions should be reversed because: (1) the government failed to properly plead and prove lack of union authorization; (2) the district court erred in excluding expert testimony; and (3) the government failed to prove that the Missouri State Building and Construction Trades Council was a "labor organization" as defined in 29 U.S.C. § 402(i)–(j) (1988). We affirm the convictions.

The facts leading to the convictions in this case are set forth in our earlier opinion, *see Long*, 952 F.2d at 1522–23, and need not be repeated here. In short, Long and Cantrell were convicted for taking $10,000 from Local 101 and using the money to reimburse the international union for a grant to establish a non-existent safety program.

▮ Long and Cantrell first argue that lack of union authorization is an essential element of a 29 U.S.C. § 501(c) violation, and that the government failed to properly plead or prove this element of the case. For support, Long[2] cites *United States v. Goad*, 490 F.2d 1158 (8th Cir.), *cert. denied*, 417 U.S. 945, 94 S.Ct. 3068, 41 L.Ed.2d 665 (1974), a case in which we defined the essential elements of a section 501(c) crime to include: "lack of authorization according to the union's constitution and bylaws." *Id.* at 1166.

We reject Long's argument. First, whether union authorization is a necessary element is of no consequence here. The government pled and proved lack of union authorization and the jury found lack of union authorization by their conviction. Count II of the indictment alleged:

> It was a part of the conspiracy that defendant SAM F. LONG would and did, *without the knowledge or approval of the Local No. 101 executive board*, arrange for and sell assets of Local No. 101 for the total sum of $10,000, which sum he thereafter deposited and caused to be deposited to Local No. 101 bank account on or about July 16, 1987.
>
> It was further a part of the conspiracy that defendant SAM F. LONG, on or about July 21, 1987, would and did, *without the knowledge or approval of the Local No. 101 executive board*, issue and caused to be issued a check for $10,000 from Local No. 101 and payable to the Missouri State Building Trades Safety Program.

(Emphasis added).

Similarly, the court instructed the jury that to prove a section 501(c) violation, the government must prove:

> ... that defendant Sam F. Long, *without authorization*, embezzled, stole, or unlawfully and willfully abstracted or converted to his own use or the use of another, the moneys, funds, property and assets of local 101 ...

(Emphasis added).

Long contends that the indictment and instructions[3] are nevertheless defective because they do not say that the money was taken without authorization according to the Union's constitution and by-laws. The in-

---

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

2. We will refer to Long and Cantrell as simply Long.

3. Long concedes that he failed to object to this instruction at trial, but argues that plain error occurred.

dictment specifically states, however, that Long took money without the knowledge or approval of the Union's executive board. The Union's constitution and by-laws identify the executive board members, specify their duties, and show that the executive board must know and approve of the Union's expenditures. Thus, the government's allegation that Long did not have executive board approval is the same as saying that Long acted without union authorization according to the Union's constitution and by-laws. Moreover, the instruction provided amply instructed the jury on the elements of a 501(c) violation. Indeed, the instruction held the government to an increased burden as it required a finding of no union authorization which, as we will further explain, is not a necessary element to a section 501(c) violation. Finally, there was sufficient evidence for the jury to find that Long acted without union authorization. This evidence is recounted in detail in our first opinion. *See Long,* 952 F.2d at 1525–27.

Moreover, lack of union authorization is not necessarily an essential element of a section 501(c) violation. We limited our definition of the essential elements of a section 501(c) violation in *Goad* to that case. *Id.* (limiting definition of essential elements to "*this* case"). We explained the limits of *Goad* in *United States v. Welch,* 728 F.2d 1113, 1117 (8th Cir.1984). Indeed, the union in *Welch* had passed a resolution authorizing the actions the defendants were being prosecuted for, and we clarified the elements of a section 501(c) violation by explaining that the government must only prove fraudulent intent, and that union authorization is "evidence bearing on 'fraudulent intent.'" *Id.* at 1117–18. We detailed the evidence supporting the jury's finding of fraudulent intent against Long and Cantrell in our first decision. *Long,* 952 F.2d at 1525–29.

Other circuits have not included lack of union authorization as an essential element of a section 501(c) violation. *See, e.g., United States v. Butler,* 954 F.2d 114, 118 (2d Cir. 1992) (union authorization is one of the controlling lodestars to determine whether a defendant acted with fraudulent intent); *see also United States v. Stockton,* 788 F.2d 210

(4th Cir.), *cert. denied,* 479 U.S. 840, 107 S.Ct. 147, 93 L.Ed.2d 89 (1986). The D.C. Circuit recently considered the question of union authorization with respect to a section 501(c) violation, and did not suggest that lack of union authorization was a necessary element. *United States v. Lawton,* 995 F.2d 290 (D.C.Cir.1993). In that case, the district court had instructed the jury that union authorization was an affirmative defense to a section 501(c) violation. On appeal, however, the government argued that union authorization is not an affirmative defense but only a factor to be considered in determining fraudulent intent. *Id.* at 294 fn. 4. The court did not decide the question because it reversed the convictions based on a defective indictment. *Id.* at 295.

Long next argues that the court erred in excluding the expert testimony of Louie A. Wright, who would have testified that the Union's constitution and by-laws authorized Long's actions.

A district court has broad discretion to admit or exclude expert testimony, and we will sustain that decision unless it was "manifestly erroneous." *United States v. Sparks,* 949 F.2d 1023, 1026 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1987, 118 L.Ed.2d 584 (1992). The district court did not err in excluding Wright's testimony. Lack of union authorization was not an essential element of the case, *see supra,* and Wright's testimony would not have assisted the jury. Moreover, the subject matter of Wright's intended testimony was within the jury's knowledge or experience, and thus was not an appropriate subject for expert testimony. Fed.R.Evid. 702; *cf. Sparks,* 949 F.2d at 1026. The Union's constitution and by-laws were in evidence and there was substantial evidence about the Union's custom and practice. The jury could determine this issue without expert assistance, and we also question the relevance of this testimony. Fed.R.Evid. 402. The district court did not err in excluding this testimony.

Finally, Long contends that the government failed to prove that the Missouri State Building and Trades Council was a labor organization under 29 U.S.C. § 402(j). We stated in our earlier opinion that this ques-

tion was "not critical" because Long's conviction on Count II concerned embezzling from Local 101, not the Trades Council. 952 F.2d at 1530 & n. 4. The jury acquitted Long on the counts relating to embezzlement from the Trades Council (Counts I and VII). Thus, the question is not relevant to this appeal.

We affirm Long·and Cantrell's convictions.