# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1632EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| Willie Jordan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2000

Filed: January 10, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BOWMAN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Willie Jordan appeals his conviction in the District Court[1] for possession of heroin. He contends that the Court erred in limiting cross-examination, in preventing the introduction of evidence on bias, and in allowing a police officer to testify as an expert witness. We affirm.

_____

[1]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

## I.

The evidence, considered in the light most favorable to the verdict, tended to show the following. St. Louis City police officers observed Mr. Jordan park his car illegally. Officer Brown asked Mr. Jordan to park his car correctly. As Mr. Jordan opened his car door, Officer Brown saw, in plain view, what appeared to be crack cocaine inside the car. Officer Brown arrested Mr. Jordan. During a search incident to the arrest, Officer Brown discovered 9.26 grams of Black Tar heroin on Mr. Jordan's person.

At trial, the District Court did not allow Mr. Jordan to question the arresting officers regarding charges that they had stolen property and money from other citizens they had stopped. Relying on Federal Rules of Evidence 608 and 609, the Court observed that these accusations were only charges, and that there were no court or administrative proceedings to substantiate them. The Court allowed Mr. Jordan to ask the officers whether they took money from him, but it did not allow the admission of any evidence that the officers were under investigation for other incidents. The jury found Mr. Jordan guilty of possession of heroin. He was sentenced to 216 months (18 years) imprisonment and six years of supervised release.

## II.

Mr. Jordan asserts that the officers took $1,400 from him on the night of the arrest and lied about the discovery of the drugs to prevent the detection of their theft. First, he argues that the Court erred in limiting the cross-examination of the arresting officers; and, second, he argues that the Court erred in preventing the introduction of evidence that they had stolen money from other citizens and were currently under investigation for the alleged thefts. Mr. Jordan argues this evidence demonstrated bias and therefore was admissible. We disagree.

An appellate court reviews the trial court's evidentiary rulings for abuse of discretion. United States v. Kristiansen, 901 F.2d 1463, 1465 (8th Cir. 1990). We assume that had Mr. Jordan asked the officers if they had stolen money from other citizens, they would have responded no. Mr. Jordan would then have sought to introduce other evidence or put on other witnesses to refute the officers' answer. We find no abuse of discretion by the Court in refusing to admit such remote evidence. The relevance of the officers' alleged conduct with respect to other people would be slight, and, as the District Court properly reasoned, each alleged incident could have become in effect a separate lawsuit, consuming a lot of trial time and distracting the jury's attention from the main issue.

Mr. Jordan's second assignment of error asserts that the Court improperly permitted Officer Allen to testify as an expert witness regarding the distribution of Black Tar heroin. He contends that Officer Allen's testimony was speculative and directly contrary to Drug Enforcement Administration literature, and that the Court erred in overruling his objection to her testimony. We disagree.

According to Federal Rule of Evidence 702, "[e]xpert testimony is admissible where it will assist the trier of fact." United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1990), cert. denied, 504 U.S. 927 (1992). "An individual can qualify as an expert by possessing knowledge gained from practical experience." United States v. Cotton, 22 F.3d 182, 184 (8th Cir. 1994) ("The district court has the 'discretion to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers' "). The "trial judge's determination of the qualifications of a witness is conclusive unless shown to be an abuse of judicial discretion or a clear error of law." Soo Line R.R. v. Fruehauf Corp., 547 F.2d 1365, 1374 (8th Cir. 1977). Moreover, a district court has broad discretion to admit or exclude expert testimony, and appellate courts sustain that decision unless it was " 'manifestly erroneous.' " United States v. Cantrell, 999 F.2d 1290, 1292 (8th Cir. 1993), cert. denied, 510 U.S. 1074 (1994) (quoting Sparks, 949 F.2d at 1026).

We find no abuse of discretion or clear error in the Court's acceptance of Officer Allen as an expert on drug trafficking. Officer Allen had been a police officer for over ten years. For approximately five years, she worked as an undercover narcotics detective, and for over two years she worked with the DEA. Officer Allen received specialized training in narcotics investigation from the federal government and the State of Missouri. She has purchased narcotics in an under-cover capacity over 1,000 times, and she has been involved in 300 to 400 narcotics arrests and hundreds of search-warrant executions. The record reflects Officer Allen's ample experience, training, and knowledge.

We find no manifest error in the Court's admission of Officer Allen's testimony on Black Tar, as her testimony had a "reliable basis" in her knowledge, experience and training. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999) (holding that the judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline). Even if Officer Allen's testimony was inconsistent with DEA literature, that fact does not necessarily make it inadmissible. In addition, the DEA literature relied on by appellant seems not to have been in the record that was before the District Court. The material is urged for the first time on appeal. We cannot properly consider it.[2]

Affirmed.

---

[2]Appellee's Motion to Strike attachments B and C of Appellant's Addendum as not part of the record below is granted. See Fed. R. App. P. 10(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.