# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3877

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 18, 2015
Filed: February 10, 2016

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury found Anthony Davis guilty of embezzling union funds in violation of 29 U.S.C. §501(c). He appeals, attacking the sufficiency of the evidence and claiming the district court[1] should have submitted one of his proposed jury

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

instructions, improperly admitted checks and invoices into evidence, and placed time constraints on the jury that violated his right to a fair trial. Having jurisdiction under 28 U.S.C. §1291, this court affirms.

Davis, a United States Postal Employee, was President of the National Postal Mail Handlers Union, Local 314. He had authority to make disbursements for Local 314. According to the evidence, Davis created invoices from (mostly non-existent) cleaning, catering, maintenance, and computer-equipment companies. He also reimbursed himself for hotel travel expenses, after Local 314 had directly paid the hotel bill. The unauthorized reimbursements total $40,659.07. The court admitted checks and invoices into evidence, some attached to a reimbursement form, while others were not.

The trial began with 12 jurors and one alternate. Trial lasted longer than the expected end on Friday, September 5. One juror was excused at the end of Friday due to other obligations. Another juror lost a family member over the weekend. Rather than proceed with only 11 jurors, the court postponed the trial until Thursday, September 11. Davis did not object. After the close of the evidence, Davis moved for a judgment of acquittal, which was denied. The district court also denied his proposed Jury Instruction 13.

I.

This court reviews the denial of a motion for judgment of acquittal de novo, "viewing the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence." *United States v. Thompson*, 533 F.3d 964, 970 (8th Cir. 2008). This court will overturn a jury verdict only if "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.*

Davis was charged with unlawfully and willfully embezzling funds from Local 314, in violation of 29 U.S.C. § 501(c).  A conviction under § 501(c) requires misuse of union funds with fraudulent intent.  *See **United States v. Welch***, 728 F.2d 1113, 1116 (8th Cir. 1984) ("To prove 'willfullness' under section 501(c), the government must show that the union officials possessed fraudulent or criminal intent to deprive the union of its funds.").  Davis contends the government must prove that  his appropriation of money "was unauthorized or that he did not have a good faith belief that it had been authorized."  However, neither a lack of union authorization nor a lack of good faith belief that the expenditure was for the legitimate benefit of the Union is an essential element of a section 501(c) violation.  *See **United States v. Thordarson***, 646 F.2d 1323, 1335 (9th Cir. 1981).

There was sufficient evidence for the jury to conclude that Davis had the fraudulent intent to deprive Local 314 of its money, funds, property, or other assets.  True, a co-worker testified to a "common practice" for union employees to create invoices in order to be reimbursed for out-of-pocket cash expenditures.  To the contrary, the government presented evidence of 56 times, that for services never rendered to Local 314, Davis received payment for fictitious invoices.  The Local's treasurer testified that, beginning in 2008, Davis's reimbursement requests increased.  On his computer Davis had multiple templates for fictitious invoices.  Three companies testified that, although they provided services to Local 314, the invoices Davis submitted from them were fictitious, for services never performed.  With respect to cleaning expenses, many Local 314 members cleaned the union hall.  Although Davis's brother testified that he cleaned and "made $75 here, $100 here and change," the reimbursement forms submitted by Davis indicated cleaning payments for far greater amounts.  Davis also testified that the date on the invoices he created did not always correspond to the date of the alleged service.  ***United States v. Plenty Chief***, 561 F.3d 846, 854 (8th Cir. 2009) ("It is the sole province of the jury to weigh the credibility of a witness.").  Viewing the evidence most favorably to the verdict,

and accepting all reasonable inferences, the district court properly denied Davis's motion for judgment of acquittal.

## II.

At trial, Davis objected to Instruction 13 defining "unauthorized expenditure." He proposed language including the requirement that he "lacked a good faith belief that the expenditure was for the legitimate benefit of the Union." The court rejected Davis's language.

This court reviews a district court's rejection of a defendant's proposed jury instruction for abuse of discretion. *United States v. Robinson*, 781 F.3d 453, 462-63 (8th Cir. 2015). This court affirms if the instructions "fairly and adequately submitted the issues to the jury." *United States v. Hansen*, 791 F.3d 863, 870 (8th Cir. 2015). "A conviction will be reversed based on a district court's instructional error as to a particular instruction only upon a finding of prejudice to the parties." *United States v. Brede*, 477 F.3d 642, 643 (8th Cir. 2007).

The relevant part of the court's instruction read:

> If you find the defendant's expenditure . . . was unauthorized and that the defendant knew the expenditure was unauthorized, then you may consider this as evidence of the defendant's fraudulent intent to deprive National Postal Mail Handlers Union, Local 314 of the money alleged in the Indictment.
> An unauthorized expenditure is one which is done without the permission of the union and its members as a whole even if it is approved by a superior union official or group of officials. That is, permission of the union is lacking if the expenditure is outside the scope of the fiduciary trust placed in a defendant by the union.

Leaving the first paragraph largely intact, Davis proposed deleting language in the second paragraph and substituting the italicized words:

> An unauthorized expenditure is one which is done without the permission of the Union and its members as a whole. That is, permission of the Union is lacking if the expenditure is outside the scope of the fiduciary trust placed in the Defendant by the Union as a whole, *the Defendant acted with fraudulent intent, and lacked a good faith belief that the expenditure was for the legitimate benefit of the Union*.

The district court rejected Davis's "good faith" language because, "in . . . determining his fraudulent intent, the jury can consider whether the defendant knew that the expenditure was authorized—or rather knew it was unauthorized."

The district court did not abuse its discretion in rejecting Davis's instruction. His would require a lack of good faith belief before an expenditure is unauthorized. This would defeat the reason for the instruction—allowing the jury to consider union authorization to determine Davis's fraudulent intent. *See* **United States v. Cantrell**, 999 F.2d 1290, 1292 (8th Cir. 1993) ("[U]nion authorization is evidence bearing on 'fraudulent intent.'"). Further, a lack of a good faith belief that the expenditure was for the legitimate benefit of the Union is not an essential element of a section 501(c) violation. **Thordarson**, 646 F.2d at 1334. *See generally* **Cantrell**, 999 F.2d at 1292 ("[L]ack of union authorization is not necessarily an essential element of a section 501(c) violation."). The instruction fairly and adequately submitted the issues to the jury.

### III.

Davis contends the district court improperly admitted irrelevant checks and invoices into evidence. This court reviews a district court's ruling on the admissibility of evidence for abuse of discretion. **United States v. Thetford**, 806 F.3d

-5-

442, 446 (8th Cir. 2015). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." **Fed. R. Evid. 401**.

Throughout trial, the court admitted reimbursement forms and the attached fictitious invoices, along with the corresponding Local checks issued to Davis. Other checks do not have a corresponding reimbursement form. However, the memo line on these checks reference identical or similar services as on the fictitious reimbursement forms. The court also admitted un-submitted invoices not attached to a reimbursement form, which were found in Davis's vehicle and office.

The district court did not abuse its discretion in admitting these checks and invoices. The checks show that Local 314 often paid Davis for identical services, making it more probable that the services were never rendered. The un-submitted invoices from non-existent vendors make it more likely that Davis provided the other fictitious invoices to Local 314.

IV.

Davis argues that the three-day trial delay unfairly prejudiced him. This court reviews this claim for plain error. **Fed. R. Crim. P. 52(b)** ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Davis must show, (1) an error, (2) that was plain, (3) affecting substantial rights, and (4) seriously affecting the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 731-36 (1993).

The district court did not err in delaying the trial by three days to ensure a full 12-member jury. The evidence remaining was minimal, with little chance the trial would last into the third week (as Davis speculates). Before the delay, the court

-6-

instructed the jurors not to discuss the case with anybody, not to conduct any independent investigation, and to keep an open mind until the end of trial. Davis was not unfairly prejudiced by the short delay. *See United States v. Thomas*, 451 F.3d 543, 546-47 (8th Cir. 2006) (finding objected-to 24-day continuance was not an abuse of discretion after defendant declined to proceed with only eleven jurors, since court was faced with several emergencies and conflicts, and instructed the jurors not to discuss the case and keep an open mind until the case concluded).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____