# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4129

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jeffrey Scott Brede, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2007
Filed:   February 23, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Jeffrey Scott Brede (Brede) entered a conditional guilty plea to receiving a firearm while under indictment. On appeal, Brede argues the district court[1] abused its discretion in denying two requested jury instructions.

A grand jury indicted Brede for making a false statement in acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), and for receiving a firearm while under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). Shortly before trial,

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Brede requested a jury instruction defining the terms "indictment," "information," and "complaint." Brede argued the underlying Minnesota state charges were brought on a complaint which was not the same as an indictment or an information. On the morning of trial, Brede requested an additional instruction defining the term "willfully," arguing willfully was the requisite criminal intent under § 924(a)(1)(D).

The district court denied Brede's proposed jury instruction defining indictment, information, and complaint, concluding the terms were functionally equivalent for purposes of § 922(n). Likewise, the district court rejected Brede's proposed "willfully" instruction, concluding "knowingly" was the appropriate instruction. Based on the district court's rejection of the two proposed jury instructions, Brede believed a conviction would be inevitable and entered a conditional guilty plea to receiving a firearm while under indictment. The government dismissed the charge of making a false statement in acquisition of a firearm. Brede reserved the right to appeal the district court's denial of the two proposed jury instructions. Thereafter, the district court sentenced Brede to two years' probation. This appeal followed.

We review for abuse of discretion the district court's decision to grant or deny a request for a particular jury instruction. United States v. Gianakos, 415 F.3d 912, 920 (8th Cir. 2005). A conviction will be reversed based on a district court's instructional error as to a particular instruction only upon a finding of prejudice to the parties. Id. Jury instructions need not be technically perfect or a model of clarity. Id. When viewing the instructions as a whole in light of the evidence and applicable law, we determine whether the instructions "fairly and adequately submitted the issues in the case to the jury." Id. (quotation omitted).

The district court was not required to give Brede an instruction defining indictment, information, and complaint. In Schook v. United States, 337 F.2d 563, 567 (8th Cir. 1964), we rejected the defendant's attempt to distinguish between an indictment and an information, holding Congress sought "to protect the public by

proscribing [acts involving firearms by] . . . those charged with felonies without attaching any significance to the procedural vehicle forming the basis of the charge." We concluded it would "emasculate Congress' purpose for us to distinguish between persons lawfully charged with a felony by 'information' and those charged by 'indictment.'" Id. The same rationale applies here. Under Minnesota law, a "complaint is a written signed statement of the essential facts constituting the offense charged." Minn. R. Crim. P. 2.01. Consequently, Brede became subject to the prohibitions of § 922(n) when the state of Minnesota filed the felony complaints against Brede. The district court did not err in determining an indictment, an information, and a Minnesota complaint are functionally equivalent and did not abuse its discretion in refusing to adopt Brede's proposed jury instruction defining those terms.

Nor did the district court err in denying Brede's proposed "willfully" instruction. In Bryan v. United States, 524 U.S. 184, 194-96 & nn.17-23 (1998), the Supreme Court held when the "willful" element of § 924(a)(1)(D) applies to § 922's firearms statutes, "'knowledge that the conduct is unlawful is all that is required.'" Thereafter, we applied Bryan's broad definition of willful in United States v. James, 172 F.3d 588, 591-92 (8th Cir. 1999), a firearms case involving violations of §§ 922(a)(5) and 924(a)(1)(D). In James, we concluded proof the defendant "knew his conduct was unlawful" is all that is required. Id. at 592. Thus, in the present case, the district court's proposed "knowingly" instruction adequately defined the requisite criminal intent under § 924(a)(1)(D), as it applies to § 922(n).

Accordingly, we affirm.

_____

-3-