# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3138

_____

United States of America

*Plaintiff - Appellee*

v.

Frank Sanchez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: May 12, 2022
Filed: August 3, 2022

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Frank Sanchez appeals after a jury convicted him of abusive sexual contact of a minor. Sanchez contends the evidence was insufficient to establish the offense occurred in Indian Country, that the district court[1] erred by admitting uncharged

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

conduct as propensity evidence, and that the use of acquitted conduct to increase his sentence violated his constitutional rights. We affirm.

## I.     BACKGROUND

In 2019, Sanchez was charged by a federal grand jury with one count of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2), and two counts of abusive sexual contact with a minor, in violation of §§ 1153, 2241(a)(1), and 2246(3). The charges stemmed from allegations by two adult women, known throughout the proceedings as S.K.M. and J.S., who reported abuse by Sanchez that occurred in 1996 and 2006, respectively. A third victim—G.D.— also reported sexual abuse by Sanchez that allegedly occurred in 1984, but those allegations did not result in criminal charges.

Prior to trial, the government gave notice of its intent to introduce evidence of other acts of sexual assault by Sanchez under Rules 413 and 414 of the Federal Rules of Evidence. The proposed evidence included the details of uncharged acts in the form of testimony from S.K.M., J.S., and G.D. Sanchez moved in limine to exclude the testimony. The district court denied the motion concluding the probative value of the evidence outweighed the possibility of unfair prejudice. The district court specifically found the alleged acts occurred at similar times, involved the same victim or similarly-aged victims, and included acts of a similar nature as the charged offenses.

The case proceeded to trial. S.K.M. testified that Sanchez molested her twice during the summer of 1996 when she was between 10 and 11 years old. At the time, Sanchez was in a relationship with her mother. S.K.M. told the jurors that on two separate occasions while her mother was at work, Sanchez entered her bedroom and touched her vagina with his hand. S.K.M. also recounted an incident where Sanchez pulled her back against his erect penis while driving with her sitting on his lap.

J.S., who is Sanchez's biological daughter with S.K.M.'s mother, testified that Sanchez engaged in sexual conduct with her twice in 2006 when she was nine years old. When the first incident happened, J.S. and Sanchez were staying at her aunt Letha Hare's house near Marty, South Dakota. J.S. testified that she was sleeping in the same bed as Sanchez when he started to kiss her, touched her vagina over her underwear, and moved her hand onto his penis over his boxers. The second incident took place outside the Yankton Sioux Reservation at a different aunt's house and similarly involved Sanchez moving J.S.'s hand to his penis over his boxers.

G.D. testified that Sanchez molested her in 1984 when she was 6 years old. She claimed that Sanchez showed up at her parents' house drunk. He then stumbled into her bedroom and touched her vagina with his hand.

The jury convicted Sanchez of one count of abusive sexual contact against J.S. for the conduct that occurred at Letha Hare's home but acquitted him of the charges related to S.K.M. At sentencing, the district court considered both the acquitted and uncharged conduct to enhance the applicable guidelines range and imposed an 87-month term of imprisonment.

## II.    ANALYSIS

Sanchez first argues the evidence was insufficient to establish the offense of conviction occurred in Indian Country. We review sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict. United States v. White, 962 F.3d 1052, 1055 (8th Cir. 2020). "We avoid reweighing the evidence or assessing the credibility of the witnesses, and reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt." United States v. Mabery, 686 F.3d 591, 598 (8th Cir. 2012).

The Major Crimes Act gives the federal government exclusive jurisdiction over certain crimes committed by an Indian within Indian Country, including

abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). See 18 U.S.C. § 1153; United States v. Stymiest, 581 F.3d 759, 764 (8th Cir. 2009) (describing two-part test to establish Indian status). The government bears the burden to prove the location of the offense was in Indian country. United States v. Jackson, 697 F.3d 670, 671 (8th Cir. 2012). Land held in trust either for the tribe or individual Indian allottees is within the limits of the Yankton Sioux Reservation. See Yankton Sioux Tribe v. Podhradsky, 606 F.3d 994, 1010 (8th Cir. 2010). While the issue of whether a particular piece of land falls within Indian country is a question of law for the court to decide, United States v. Love, 20 F.4th 407, 411 (8th Cir. 2021), Sanchez concedes that the question was submitted to the jury by agreement of the parties. See United States v. Stands, 105 F.3d 1565, 1574-76 (8th Cir. 1997) (affirming because "the jury had a reasonable basis for finding the crime occurred in Indian country," even though "it may have been error . . . to submit to the jury the narrow question of whether the alleged site of the offense was Indian country").

During trial, the government introduced an aerial photograph and a title status report for the tract of land that included Letha Hare's address near Marty, South Dakota. The report detailed that the government held the tract in trust for both the Yankton Sioux Tribe and individual tribal landowners as of the date the report was certified in 2012. David LaCompte, deputy superintendent of the trust for the BIA's Yankton Agency with nearly 32 years of experience, testified that the tract was part of the Yankton Sioux Reservation in 2006. On cross-examination LaCompte initially stated that he did not perform a record search for the relevant tract, but on re-direct the government refreshed his memory with an email exchange from 2019 and LaCompte confirmed that during the investigation he researched the tract to verify its status as part of the Yankton Sioux Reservation in 2006. Because LaCompte's testimony provided a reasonable basis for the jury to find the offense occurred in Indian Country, we will not disturb the conviction. See id. at 1574.

Sanchez next contends the district court erred by admitting evidence of his prior acts of child molestation and sexual assault under Rules 413 and 414. We review evidentiary rulings for abuse of discretion, reversing only if admission

-4-

affected a defendant's substantial rights.  United States v. Mink, 9 F.4th 590, 605-06 (8th Cir. 2021).

Rules 413 and 414 of the Federal Rules of Evidence create exceptions to the general rule against propensity evidence.  United States v. Luger, 837 F.3d 870, 873-74 (8th Cir. 2016).  "[I]n sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense may be considered for its bearing on any matter to which it is relevant, including the defendant's propensity to commit such offenses."  United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (quotation omitted).  A prior sexual assault is relevant when "committed in a manner similar to the charged offense."  United States v. Crow Eagle, 705 F.3d 325, 326 (8th Cir. 2013) (quotation omitted).  Even if the evidence is relevant, the probative value must not be substantially outweighed by one or more factors enumerated in Rule 403.  United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997).  We afford "great weight to the district court's balancing of evidentiary prejudice against its probative value."  United States v. Halk, 634 F.3d 482, 488 (8th Cir. 2011).

Sanchez raises a number of issues related to the testimony of S.K.M.  First, he argues that the incident described by S.K.M. "arguably did not even qualify as 'sexual assault' under Rule 413 or 'child molestation' under Rule 414 as there was no evidence of Sanchez's intent or sexual motivation."  S.K.M. testified that Sanchez pulled her against his penis while driving with her on his lap.  Given the testimony, a reasonable juror could easily infer an intent to arouse or gratify Sanchez's sexual desire because he pulled S.K.M. back into his erect penis when she tried to move away.  See 18 U.S.C. § 2246(3) (defining "sexual contact" to include "the intentional touching, either directly or through the clothing, of the genitalia . . . of any person with an intent to . . . arouse or gratify the sexual desire of any person").

Sanchez next asserts that the testimony was not sufficiently probative of Sanchez's propensity to engage in sexual abuse because the conduct was too dissimilar to the charged conduct, but prior child molestation testimony need not be identical to the allegations in the indictment.  United States v. Never Misses A Shot,

781 F.3d 1017, 1028 (8th Cir. 2015). Here, the driving incident happened with the same victim, near the same time as the charged conduct, and it involved Sanchez forcing a young girl to make contact with his penis, which mirrors the allegations by J.S. The district court did not abuse its discretion in finding the evidence probative.

In addition to the charged conduct at Hare's residence, J.S. testified about an incident that took place at another aunt's house on state rather than tribal land around the same time. Much like the charged offense, J.S. alleged that Sanchez moved her hand onto his penis over his boxers while she was in bed. The close similarity made the uncharged conduct highly probative of Sanchez's propensity to molest young girls. See Gabe, 237 F.3d at 960.

Sanchez also asserts the limiting instruction was deficient because no oral instruction was given at the time of the testimony and that the written instruction failed to specifically inform the jury as to which of J.S.'s statements could be used only as propensity evidence and which could be used as evidence of the offense charged. The instructions when coupled with the evidence in the record, however, make plain that the only offenses charged were those that took place in Indian Country, which the jury necessarily understood did not include the conduct on state land.

G.D. described a sexual assault that occurred more than 35 years earlier, and Sanchez challenges her testimony as being too remote. When making evidentiary rulings, a district court "has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." United States v. Charles, 531 F.3d 637, 641 (8th Cir. 2008). We acknowledge that when conduct is more than 35 years old it may be subject to scrutiny. In this case, there is a striking resemblance between G.D.'s allegation and the charged crimes that made her testimony probative and weakened the probability of an emotional response from the jury. See Luger, 837 F.3d at 875; Gabe, 237 F.3d at 960. We have consistently rejected a time-limit on prior child molestation evidence, and we decline to apply one here. See United States v. Bartunek, 969 F.3d

860, 864 (8th Cir. 2020); United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016); United States v. Reynolds, 720 F.3d 665, 671 (8th Cir. 2013); United States v. Hollow Horn, 523 F.3d 882, 888-89 (8th Cir. 2008).

We have explained that "prejudicial Rule 414 evidence indicating the defendant's propensity to sexually exploit children is not, in itself, unfair." United States v. Splettstoeszer, 956 F.3d 545, 548 (8th Cir. 2020). And, the possibility for unfair prejudice is mitigated where, as here, the district court gives limiting instructions. United States v. Weber, 987 F.3d 789, 793-94 (8th Cir. 2021). Moreover, "[t]hat the jury convicted [Sanchez] of only one count but not the other[s] indicates that it was able to make an appropriate determination based on the evidence." United States v. Cavanaugh, 30 F.4th 1139, 1144 (8th Cir. 2022). Affording great weight to the district court's balancing, we find no abuse of discretion in admitting the evidence under Rules 413 and 414.

Finally, Sanchez challenges the district court's consideration of acquitted conduct at sentencing as violating his Fifth and Sixth Amendment rights. We review constitutional challenges to sentences *de novo*. United States v. Wade, 435 F.3d 829, 831 (8th Cir. 2006) (per curiam). Sanchez received a five-level enhancement for engaging in a pattern of prohibited sexual conduct based in part on the trial testimony and alleged abuse of S.K.M. See U.S.S.G. § 4B1.5(b)(1). Sanchez admits, however, that our precedent forecloses this argument. See United States v. Oakie, 993 F.3d 1051, 1054 (8th Cir. 2021) (per curiam); United States v. Papakee, 573 F.3d 569, 576 (8th Cir. 2009). Accordingly, we find no error.

## III.   CONCLUSION

We affirm.

_____