# United States Court of Appeals

### For the Eighth Circuit

_____

Nos. 23-3356/23-3363

_____

United States of America

*Plaintiff - Appellee*

v.

Norman Lee Burch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: April 9, 2024
Filed: August 19, 2024

_____

Before SMITH, WOLLMAN, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

A jury convicted Norman Burch of attempting to sexually exploit a minor, attempting to receive and receiving child pornography, and committing a felony sex offense involving a minor while required to register as a sex offender. The acts leading to Burch's convictions also violated the terms of his supervised release from

an earlier conviction for possessing child pornography. The district court[1] imposed a combined sentence of 420 months of imprisonment for the convictions and violations of the terms of his supervised release. In this consolidated appeal, Burch challenges his new convictions and the revocation of his supervised release. We affirm.

## I. Background

After completing a ten-year prison sentence for possessing child pornography, Burch began serving a term of supervised release. As part of his supervised release, Burch could not view or possess pornography. He needed the permission of his probation officer to possess an internet-capable device or any type of camera or video recording device, and permission to contact any child under the age of eighteen. He also had to submit to unannounced examinations or searches of any such electronic device. Burch was required to participate in a residential reentry program and register as a sex offender in compliance with the rules of his state of residence.

While on supervised release, Burch first lived at a residential reentry center in Des Moines, Iowa. He then lived with a girlfriend, Christene Deason, and one of her teenage daughters. Several other people also temporarily stayed with them, including Jesse Gowin, Deason's soon-to-be-ex-husband. Deason observed Burch using her desktop computer and learned from Gowin that Burch had also used the computer when she was at work. Deason investigated the search history on the computer. Discovering search terms possibly related to child pornography and incestual relationships, Deason called Burch's probation officer and gave the computer to a probation officer.

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

Federal officials examined the computer and discovered over 1,000 pages of searches using sexually explicit terms, including "daddy teen upskirt," "preteen nude girl pic," and "teen daughter teasing daddy porn." The examination also revealed child pornography in the computer's cache and in the system volume information folder, indicating someone had viewed them.

Several months later, Burch had moved back to the residential reentry center and was working at a Dollar Tree store. A resident officer at the reentry center contacted Burch's probation officer about an unapproved smart phone belonging to Burch. The resident officer told the probation officer that one of Burch's Dollar Tree coworkers had given the resident officer the phone and claimed it belonged to Burch. The probation officer conducted a cursory search. This search revealed videos that concerned the probation officer because they focused on the pubic area of multiple females.

Three of these videos involved a 15-year-old girl, S.A., a friend of one of Burch's co-workers. Burch surreptitiously filmed three videos on two different days while he talked to S.A. Each video lasted between three and six minutes. On both days, Burch went into the Dollar Tree parking lot to interact with S.A., who was sitting in the driver's seat of her friend's vehicle. Burch would place his phone on the passenger-side mirror, with the camera focused on S.A.'s pubic area and zoomed in from various angles. Although S.A. was clothed, she was wearing shorts and her legs were spread apart and, at times, propped up.

S.A. testified that after one of her conversations with Burch, who had at one point offered to pay her $50 for pictures to send to Burch's friend in prison, she suspected Burch was recording her with his cell phone. To investigate, S.A. placed her phone on the side mirror of the vehicle where Burch's phone had been set during the conversation. She recorded a video to see what her camera would capture. According to S.A., this test revealed Burch had his camera directed at her "shorts."

Probation officers confronted Burch about the videos of S.A. Burch admitted the phone belonged to him, he knew S.A. was only 15-years old, and he produced the videos of her. The conversation eventually turned to the contents of a flip phone Burch possessed with his probation officer's approval. An officer retrieved the flip phone and conducted a cursory search. The officer discovered searches and websites visited that concerned him based on their "themes" related to "teen pornography." Burch admitted to the officers he had sought out pornography he considered "taboo" using the search terms "incest, teen and daughter," explaining he was "bored," "frustrated," and suffered from erectile dysfunction. Burch took responsibility for the phone, pornography, and searches, but denied viewing any child pornography on the phone. A later more thorough search of the flip phone revealed internet searches such as "small teen pussy XXX porn," "teen girl porn pic," and "teen daughter XXX upskirt," as well as an image of child pornography downloaded just four days before his encounter with the probation office.

A grand jury charged Burch with four counts: attempted sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and 2256 (Count 1); attempted receipt and receipt of child pornography on a desktop computer in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and 2256 (Count 2); attempted receipt and receipt of child pornography on a Alcatel Quickflip cell phone in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and 2256 (Count 3); and committing a felony offense involving a minor, namely attempted sexual exploitation as charged in Count 1, while required to register as sex offender in violation of 18 U.S.C. § 2260A (Count 4).

The district court presided over a three-day jury trial. The government called six witnesses, including Deason, Gowin, S.A., two probation officers, and a United States Probation Office's systems specialist that performed the forensic examination of Burch's devices. During testimony by one of the probation officers, the district court admitted, over Burch's objection, evidence of Burch's 2014 conviction for child pornography. The evidence was admitted under Federal Rules of Evidence 404(b) and 414(d)(2)(B). In his defense, Burch called two witnesses to try to

establish people other than Burch, including another sex offender, had access to the devices and could have been responsible for the searches and child pornography, and to cast doubt on Deason's credibility.

At the close of evidence, the jury convicted Burch on all four counts charged. The district court then sentenced Burch to 420 months of imprisonment, to be followed by a lifetime of supervised release.[2]

## II. Discussion

Burch appeals, challenging the district court's decision to admit into evidence Burch's prior federal child pornography conviction, the sufficiency of evidence on all four counts, and the revocation of his supervised release.

## A. Admission of Prior Conviction

Burch argues the district court improperly allowed the government to inform the jury of his 2014 conviction for possession of child pornography. "We review evidentiary rulings for abuse of discretion, reversing only if admission affected a defendant's substantial rights." *United States v. Sanchez*, 42 F.4th 970, 974 (8th Cir. 2022). No abuse of discretion occurred here.

At a pretrial conference, the district court explained evidence of Burch's prior conviction for possession of child pornography was admissible under Federal Rule

---

[2]On the new convictions, the district court imposed 300 months of imprisonment on Count 1, 240 months to be served concurrently with each other on Counts 2 and 3, and 120 months on Count 4 to be served consecutive to all other counts. Based on findings Burch's actions with computers and cell phones violated terms of his supervised release in numerous ways, the district court also revoked Burch's supervised release from his previous conviction. The district court imposed a revocation sentence of 24 months to run concurrently to Counts 1 and 4 and consecutive to Counts 2 and 3.

of Evidence 414(d)(2)(B).[3]  "Rule 414 evidence can be used to show a defendant's propensity to be sexually interested in minors." *United States v. Splettstoeszer*, 956 F.3d 545, 548 (8th Cir. 2020); *accord United States v. Bartunek*, 969 F.3d 860, 864 (8th Cir. 2020).  "Even if the evidence is relevant, the probative value must not be substantially outweighed by one or more factors enumerated in Rule 403." *Sanchez*, 42 F.4th at 975.  This is where Burch focuses his appeal, arguing any probative value his past child pornography conviction had was "substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury . . . ." Fed. R. Evid. 403.  We disagree.

We have previously held that using Rule 414 evidence to prove "the defendant's propensity to sexually exploit children is not, in itself, unfair." *Sanchez*, 42 F.4th at 976 (quoting *Splettstoeszer*, 956 F.3d at 548); *see also United States v. LeCompte*, 131 F.3d 767, 769–70 (8th Cir. 1997) (reversing a district court's decision to exclude Rule 414 testimony under Rule 403 "[i]n light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible").  And Burch has failed to explain *how* the admission of his prior conviction confused the issues or misled the jury, other than baldly claiming knowledge of his prior conviction "primed the jury" to view the video of the minor S.A. in the car as "suspicious."  We are unconvinced this information posed a risk of jury confusion.

"To decide whether a district court properly balanced the probative value of the proposed Rule 414 evidence with the risk of unfair prejudice under Rule 403, we consider whether the district court placed limits on the testimony and provided

---

[3]The district court also admitted the evidence under Rule 404(b), which provides that although a past conviction is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(1)–(2).  On appeal, Burch does not challenge the admission of this evidence for limited purposes under Rule 404(b).

cautionary jury instructions." *United States v. Schave*, 55 F.4th 671, 678 (8th Cir. 2022). The district court properly did both here. When overruling Burch's objection, the district court explained the government planned only "to admit the prior judgment of conviction and sex offender registry form." Later at trial, a probation officer testified about Burch's sex offense and registry form. This testimony was focused on the fact of conviction for possessing child pornography and its relation to his conditions of supervised release,[4] and unlike cases where we were "troubled by the quantity and level of detail presented to the jury[,]" *Schave*, 55 F.4th at 679, the testimony here did not stray into unfairly prejudicial details of his past crime. Also, the district court gave the jury a cautionary instruction regarding the proper and improper uses of Burch's conviction in its deliberations, warning the jury it could only convict Burch for the charged crimes, and not any past crime. We thus conclude the district court did not abuse its discretion by admitting the challenged evidence in the manner it did.

## B. Sufficiency of Evidence

Burch argues the evidence was insufficient to support any of his convictions. "We review challenges to the sufficiency of the evidence de novo, 'viewing the evidence in the light most favorable to the verdict.'" *United States v. Gross*, 23 F.4th 1048, 1052 (8th Cir. 2022) (quoting *United States v. Lussier*, 844 F.3d 1019, 1023 (8th Cir. 2017)). "We will reverse 'only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting same). Reversal is not warranted here.

We begin with Count 1, Burch's conviction for attempting to sexually exploit a minor. As relevant to this appeal, the government needed to prove Burch attempted to "produce[] a visual depiction of a minor engaged in sexually explicit conduct— in this case a lascivious exhibition of the genitals or pubic area." *United States v.*

---

[4]For example, the government established Burch had to register as a sex offender as a condition of his supervised release, which was a necessary element of Count 4.

*McCoy*, 108 F.4th 639, 645 (8th Cir. 2024); *see also* 18 U.S.C. § 2256(2)(A)(v) (defining "sexually explicit conduct" to include the "lascivious exhibition of the anus, genitals, or pubic area of any person"); *United States v. Johnson*, 639 F.3d 433, 438 (8th Cir. 2011) ("Any plain reading of subsection (e) shows that it is a violation of § 2251 to attempt to commit the crime defined in subsection (a) of § 2251.").

Because "[t]he case was submitted to the jury only on an attempt theory[,]" Burch's "success in attaining his criminal objective is not necessary[.]" *Johnson*, 639 F.3d at 439 (quoting *United States v. Bauer*, 626 F.3d 1004, 1007 (8th Cir. 2010)). The question to be resolved is whether a reasonable jury could conclude Burch *intended* to capture an image of S.A. lasciviously displaying her pubic area and *took a substantial step* toward accomplishing this objective. *See United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019) ("The elements of attempt are 'intent to commit the predicate offense' and 'conduct that is a substantial step toward its commission.'" (quoting *United States v. Young*, 613 F.3d 735, 742 (8th Cir. 2010))). The evidence presented to the jury supports such findings—although it is admittedly a close call.

The jury heard evidence Burch had previously been convicted of possessing child pornography, from which it could deduce he had a sexual interest in minors. The jury also heard and saw evidence from which it could conclude Burch had recently conducted repeated internet searches in a quest to see sexualized minors, including images focusing on a minor's pubic area. For example, there was evidence of his live-in girlfriend's computer and his flip phone containing such searches.

Against this backdrop, the jury watched three videos showing Burch interacting with a known 15-year-old, S.A., in a car, while he surreptitiously recorded her on his smart phone. During these interactions, which lasted up to six minutes, Burch aimed his recording device almost exclusively on S.A.'s pubic region, repeatedly changing the angle and zooming in. Although S.A. was clothed, the unnatural way in which she was sitting—with her legs spread and at times propped up—and the length and fit of her shorts combined to barely conceal her

-8-

pubic area. Considering all this evidence, a reasonable jury could conclude Burch secretly filmed S.A. in unnatural positions with the hope of capturing a lascivious display of her genitals. *See Johnson*, 639 F.3d at 440 ("A reasonable jury could find from the evidence that [the defendant] adjusted the zoom feature in an attempt to tighten the focus of the camera on the area where the females' genitals would be if they were to face the camera . . . .") In other words, this collection of evidence could lead the jury to believe beyond a reasonable doubt that Burch "intended to create child pornography and took a substantial step toward doing so by recording the videos." *Petroske*, 928 F.3d at 773.

Burch tries to evade this result by arguing he accomplished what he attempted to do—capturing an inappropriate-but-not-lascivious image of the pubic area of a fully-clothed minor. Burch maintains an image lacking nudity cannot, as a matter of law, support his conviction for attempted production of child pornography. But Burch's argument ignores the fact the charge was not for completed production. While the jury was free to believe Burch captured all he intended, it certainly was *not required* to reach this conclusion. *See Johnson*, 639 F.3d at 438, 441 (holding there was sufficient evidence for a reasonable jury to conclude the defendant attempted to produce child pornography even though the district court held the defendant failed to produce a visual depiction of a lascivious exhibition of the minor's genitals or pubic area). Instead, a reasonable jury could conclude Burch—who had recently been searching for child pornography, had offered S.A. money for photographs, and was focusing on her pubic area from various angles while he secretly recorded her—was trying to capture a lascivious display of a minor's pubic area.[5]

---

[5]Burch's argument that there was insufficient evidence to convict him on Count 4 depends entirely on his contention there was insufficient evidence to convict him of committing the attempted production of child pornography felony as described in Count 1. Having concluded there was sufficient evidence to convict Burch on Count 1, we necessarily reject his challenge to Count 4.

We turn to Counts 2 and 3, which charged Burch for attempted receipt and receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and 2256. To find Burch guilty of attempted receipt of child pornography in violation of 18 U.S.C. § 2252, the jury was instructed it had to conclude beyond a reasonable doubt: (1) Burch knowingly attempted to receive computer files that contained visual depictions of a minor engaged in sexually explicit conduct; (2) Burch knew the visual depictions were of a minor engaging in sexually explicit conduct; and (3) the visual depictions were produced using materials that had been transported in interstate commerce or were received using a means and facility of interstate commerce. The jury was further instructed it could find Burch "guilty of attempt if he intended to receive computer files that contained one or more visual depictions of a minor engaged in sexually explicit conduct and voluntarily and intentionally carried out some act which was a substantial step toward that goal." There was sufficient evidence to support each count of conviction for receipt or attempted receipt of child pornography.

As to Count 2, there was sufficient evidence for the jury to conclude Burch used Deason's desktop computer to look for, possess, and view child pornography. It is undisputed the computer was used to look for child pornography during the time Burch lived with Deason and images of child pornography were found in the cache of the desktop computer, indicating they had in fact been viewed. The forensic examination of the computer had over 1,000 pages of sexually explicit search terms and related information. The searches occurred during the time Burch and Deason lived together and were similar in type to those Burch admitted making on his personal flip phone. From this evidence, a reasonable jury could conclude Burch attempted to possess, and in fact did possess and view child pornography on Deason's desktop computer.

Moving on to Count 3, there was sufficient evidence for the jury to conclude Burch used his flip phone to look for and view child pornography. Burch admitted he viewed pornography on his approved cell phone, seeking out pornography that he considered "taboo" because he was bored, frustrated, and suffered from erectile

dysfunction. And a forensic exam of the phone revealed an image of child pornography downloaded on August 1, 2022, as well as sexually explicit search terms suggesting attempts to view child pornography.

Burch argues there are other plausible explanations for the searches and the images of child pornography found on both devices. He suggests Gowin, Deason, or her daughter could have conducted the searches and downloaded the pornography on the desktop computer. And as for the flip phone, Burch points out it was not under his exclusive control, was not password protected, and another convicted sex offender had access to it. The government questions the plausibility of these alternative explanations, pointing out Burch was the only person with an interest in child pornography who had used Deason's desktop computer during the pertinent time, and Burch admitted to officers that he sought sexually explicit material on his flip phone. We might also add the similarity between the searches on the desktop computer and the flip phone suggest Burch, who seemingly was the only person who had access to both devices, was responsible. Regardless, even if Burch's alternative theories are within the realm of possibility, they do not give us reason to overturn the jury's verdict. *See United States v. Nosley*, 62 F.4th 1120, 1129 (8th Cir. 2023) (explaining the appellate court does not weigh evidence or assess the credibility of a witness). "If evidence consistent with guilt exists, we will not reverse simply because the facts and the circumstances may also be consistent with some innocent explanation." *United States v. Huyck*, 849 F.3d 432, 442–43 (8th Cir. 2017) (quoting *United States v. Griffith*, 786 F.3d 1098, 1102 (8th Cir. 2015)). A reasonable juror could conclude it was Burch who conducted these searches and was responsible for the child pornography found on Deason's desktop computer and his flip phone. This is enough to uphold the convictions on Counts 2 and 3.[6]

---

[6]Burch argues finally that because his "supervised release revocation was based in part on his conviction[s], . . . the court's revocation must also be vacated and remanded for further consideration." Having affirmed all four convictions, we need not consider this argument and thus affirm the revocation of his supervised release.

-11-

## III. Conclusion

Having concluded the district court did not abuse its discretion by admitting evidence of Burch's prior conviction for possessing child pornography, and that there was sufficient evidence to support conviction on all four counts and to revoke his supervised release, we affirm the district court's judgment.