# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3713

_____

United States of America

*Plaintiff - Appellee*

v.

Guy Lynn Wilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: January 17, 2025
Filed: July 7, 2025

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

A jury convicted Guy Wilson on one count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e), and the district court[1]

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced him to 240 months in custody. Wilson appeals his conviction and sentence. We affirm.

## I.

In October 2020, Wilson moved into a house with his then-girlfriend and her two minor children, including her daughter B.Z. Wilson and his girlfriend stayed in one bedroom, while B.Z. and the other minor each had their own. The home had only one bathroom.

Wilson installed cameras throughout the home. Some he displayed openly, for security and to monitor his pets. But Wilson hid others, placing them in vents in B.Z.'s room and the bathroom. The cameras filmed B.Z. undressing, touching her vagina, and using the toilet. He also positioned the cameras to capture videos of B.Z. that showed her buttocks, pubic area, and breasts. And he took, and saved, screenshots from the video footage of her genitals and pubic area.

A grand jury returned an indictment charging Wilson with attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and 2251(e).[2] The case proceeded to trial, where Wilson argued that he lacked the requisite intent and that the images he captured did not constitute child pornography. At the close of the government's case in chief and at the close of the evidence, Wilson moved for judgment of acquittal. The court denied both motions. The jury convicted Wilson.

At sentencing, Wilson argued he was entitled to a 2-level reduction under USSG § 3E1.1(a) for acceptance of responsibility, but the district court disagreed. The court calculated a Guidelines range of 235 to 293 months and sentenced him to 240 months in custody.

_____

[2]The indictment charged Wilson with both production and attempted production of child pornography, but the government elected to submit only the attempt charge to the jury.

## II.

### A.

As a matter of background, under 18 U.S.C. § 2251(a), "[a]ny person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e)." Section 2251(e) in turn provides that "[a]ny individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years." 18 U.S.C. § 2251(e). "[S]exually explicit conduct" includes the "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v); see also United States v. Burch, 113 F.4th 815, 820 (8th Cir. 2024) (discussing same).

Whether an image depicts the "lascivious exhibition of the anus, genitals, or pubic area" "is a question of fact for the jury." United States v. McCoy, 108 F.4th 639, 646 (8th Cir. 2024). But the meaning of this term "is a matter of law." United States v. Petroske, 928 F.3d 767, 773 (8th Cir. 2019).

### B.

Wilson challenges the jury instructions as given by the district court. Ordinarily, "[w]e review a district court's formulation of jury instructions for an abuse of discretion and its interpretation of law *de novo*." United States v. Spotted Horse, 916 F.3d 686, 691 (8th Cir. 2019) (quoting United States v. Farah, 899 F.3d 608, 614 (8th Cir. 2018)). "The test is 'whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury.'" United States v. Carlson, 810 F.3d 544, 554 (8th Cir. 2016) (quoting United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000)). "Generally, '[a] defendant is entitled to a specific jury instruction that conveys the substance of his request if his request is timely, . . . is supported by the evidence in the case, and is a correct statement of the law.'" United States v.

Asomani, 7 F.4th 749, 752 (8th Cir. 2021) (alterations in original) (quoting United States v. King, 898 F.3d 797, 807 (8th Cir. 2018)).

Wilson first argues the district court abused its discretion in how it instructed the jury on the Dost-plus factors.[3] Specifically, he argues that the fourth factor—

[3] The instruction was based in part on six factors from United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), as well as two additional factors from United States v. Arvin, 900 F.2d 1385, 1390 n.4 (9th Cir. 1990) (collectively the Dost-plus factors). The instruction read as follows:

Whether a visual depiction of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. "Lascivious" means sexual in nature.

You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) any caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

More than mere nudity is required before an image can qualify as a "lascivious exhibition." However, "lascivious exhibition" may be found when an image of a nude or partially clothed child focuses on the child's genitals or pubic area and is intended to elicit a sexual response in the viewer. The fact a child in a visual depiction may not be acting in an obviously sexual manner, suggesting coyness or a willingness to engage in sexual activity, does not necessarily indicate that a visual depiction was not, or was not intended to be, lascivious.

whether the child is partially clothed or nude—is misleading because, as he reminds us, nudity alone is insufficient to prove an exhibition is lascivious. See McCoy, 108 F.4th at 645; United States v. Wallenfang, 568 F.3d 649, 657 (8th Cir. 2009). But the district court expressly instructed the jury that "[m]ore than mere nudity is required before an image can qualify as a 'lascivious exhibition.'" Furthermore, we have frequently approved giving instructions on all of the Dost-plus factors— including the fourth one—to assist the jury in determining whether an image is lascivious. See McCoy, 108 F.4th at 643–44 (explaining that the Dost-plus factors "accord with settled circuit precedent"); United States v. Lohse, 797 F.3d 515, 520 (8th Cir. 2015) ("In determining whether an image is lascivious, we have cited with approval the factors set forth in [Dost]."); see also United States v. Ward, 686 F.3d 879, 882 (8th Cir. 2012) (citing with approval United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008), which noted that "the Dost factors impose useful discipline on the jury's deliberations").

Moreover, the extent of a child's nudity can provide important context in determining whether a visual depiction is lascivious. See United States v. Horn, 187 F.3d 781, 790 (8th Cir. 1999) (concluding that images of young girls wearing only swimsuit bottoms at a topless beach were lascivious because the images were "freeze-framed at moments when their pubic areas are most exposed" and were "at the center of the image and form the focus of the depiction"); Wallenfang, 568 F.3d at 658–59 (determining that image of child who wore "dress and sheer pantyhose" was lascivious because the image's focal point was of the child raising one leg and exposing her pubic area); United States v. Kemmerling, 285 F.3d 644, 646 (8th Cir. 2002) (contrasting images of "nude or partially clothed" children that focused on the genitals and pubic area and were designed "to elicit a sexual response" with hypothetical images designed "simply to provide a clinical view of the portions of the children's anatomy"); see also United States v. Sanders, 107 F.4th 234, 262 (4th Cir. 2024) ("Certainly, the extent that nudity is used in a depiction is helpful guidance in determining whether the visual depiction is lascivious."). The district court's decision to instruct the jury on the Dost-plus factors here was not an abuse of discretion.

Wilson next challenges the district court's refusal to instruct the jury that the Dost-plus factors are neither definitive nor exhaustive. True, these factors constitute "a nonexclusive list of factors to be considered in deciding whether certain conduct is sexually explicit." Lohse, 797 F.3d at 520–21; see also McCoy, 108 F.4th at 643 (describing the Dost-plus factors as "non-exhaustive criteria"). But taken as a whole, the jury instructions indicated as much. The instructions framed the overall inquiry of whether an image constitutes a lascivious exhibition as one that "requires a consideration of the overall content of the material." The instructions also expressly told the jury that it "may consider such factors as, [listing the eight factors]" and that it could "decide the weight or lack of weight to be given to any of the[] factors." And the instructions made clear that the ultimate inquiry was whether the "exhibition" was "sexual in nature." Collectively, the instructions told the jury to approach the images holistically and that the jury was not required to mathematically or rigidly assess the material at issue. As a result, the instructions "adequately and correctly" conveyed to the jury that the Dost-plus factors were not definitive or exhaustive. United States v. Davidson, 108 F.4th 706, 712 (8th Cir. 2024) (quoting United States v. Walker, 817 F.2d 461, 463 (8th Cir. 1987)); see also Sanders, 107 F.4th at 263 (concluding same based on similar jury instructions). We cannot say that the district court abused its discretion in not making explicit what was already implicit in the given instructions. Cf. United States v. Brede, 477 F.3d 642, 643 (8th Cir. 2007) ("Jury instructions need not be technically perfect or a model of clarity.").

Wilson also contends the district court erred in refusing to submit to the jury the following requested instruction:

> In determining whether the statute was violated, you must analyze not whether the pictures in issue appealed, or were intended to appeal to the videographer's sexual interests but whether on their face, they appear to be of a sexual character.

It is true that, with respect to the definition of lascivious, "the issue is not whether the images were intended to appeal to the defendant's sexual interests, but whether they appear to be of a sexual character on their face." McCoy, 108 F.4th at 646; see

also Petroske, 928 F.3d at 773. But Wilson's proposed instruction stated that the jury must not consider his sexual interests "[i]n determining whether *the statute* was violated." This instruction was confusing because a jury could reasonably interpret "the statute" to refer to the statutory offense with which Wilson was charged: attempted production of child pornography. Understood this way, Wilson's proposed instruction was an inaccurate statement of the law. See United States v. Yielding, 657 F.3d 688, 709 (8th Cir. 2011) (explaining defendant "had no right to … an instruction" containing "an inaccurate description of the law"); see also United States v. Anwar, 428 F.3d 1102, 1114 (8th Cir. 2005) (holding no abuse of discretion in district court's refusal to give defendant's preferred response to jury question because it "might have resulted in nothing but confusion"). Although Wilson's sexual interests were not relevant to whether the images themselves in fact depicted a lascivious exhibition, they were relevant to whether Wilson intended to produce child pornography—a required element of the offense of attempted production of child pornography. See Burch, 113 F.4th at 820. The district court did not abuse its discretion in refusing to submit the proffered instruction.[4]

C.

Wilson also argues the district court erred in denying his motion for judgment of acquittal, because there was insufficient evidence to establish that the images at issue met the definition of "lascivious exhibition." In reviewing a denial of a motion for judgment of acquittal, "[w]e review de novo the sufficiency of the evidence, viewing the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences." United States v. Foard, 108 F.4th 729, 735 (8th Cir. 2024) (quoting United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008)).

---

[4]Wilson's proposed instruction is a direct quote from Petroske, 928 F.3d at 772 (quoting Kemmerling, 285 F.3d at 646). But there, the surrounding words and context (including that the quote is found in a judicial opinion, not jury instructions) make clear that "the statute" referenced 18 U.S.C. § 2256(2)(A)(v), which provides that a "lascivious exhibition" is one definition of "sexually explicit conduct."

Because Wilson was tried on a charge of attempted production of child pornography, the government did not have to prove that Wilson actually produced an image that depicted a lascivious exhibition. See Burch, 113 F.4th at 820. Instead, "[t]he question . . . is whether a reasonable jury could conclude [Wilson] intended to capture an image [or video] of [B.Z.] lasciviously displaying her [genitals or] pubic area and took a substantial step toward accomplishing this objective." Id. (emphasis omitted).

Here, a jury could reasonably so conclude. Wilson placed cameras where B.Z. was most likely to be naked, set them to record for an extended period of time, and hid them to avoid detection. See Burch, 113 F.4th at 818 (noting the defendant "filmed three videos on two different days" and "[e]ach video lasted between three and six minutes"); see also McCoy, 108 F.4th at 646 (noting bathrooms are places where individuals are likely to be naked). He positioned the cameras at angles aimed to film her genitals and pubic area, and in between capturing footage, he manipulated, adjusted, and repositioned the hidden cameras. See Burch, 113 F.4th at 821 (noting the defendant "aimed his recording device almost exclusively on [the minor]'s pubic region, repeatedly changing the angle and zooming in"). At times, when B.Z. was in the frame, the cameras zoomed in on the area of her body that would have captured her pubic area had she not been facing the other direction. See id.; United States v. Johnson, 639 F.3d 433, 437 (8th Cir. 2011) ("Had the female been facing the camera instead of away from it, a reasonable jury could have drawn a fair inference that the camera would have recorded a close-up view of her naked pubic area."). And once he obtained footage of B.Z., he took screenshots with her pubic area as the focal point and omitted her face. Horn, 187 F.3d at 790 (concluding images of minors that were "freeze-framed at moments when their pubic areas are most exposed" supported a finding of lasciviousness); United States v. Paris, 816 F.3d 1037, 1039 (8th Cir. 2016) (observing that the materials in question "did not contain [the minor]'s face" and were "framed . . . below [the minor]'s midsection").

A reasonable jury could find that Wilson attempted to capture lascivious displays of B.Z.'s genitals and pubic area.[5]

D.

Finally, Wilson argues the district court erred in not reducing his offense level for acceptance of responsibility. A defendant is entitled to a 2-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id., comment. (n.2). "In 'rare situations,' however, a defendant who is convicted after trial may earn the adjustment, such as when the defendant 'goes to trial to assert and preserve issues that do not relate to factual guilt.'" United States v. Bennett, 91 F.4th 918, 923 (8th Cir. 2024) (quoting USSG § 3E1.1., comment. (n.2)). The defendant bears the burden of proving he is entitled to this reduction. See United States v. Cooper, 998 F.3d 806, 810 (8th Cir. 2021). "[A] 'district court is in a unique position to evaluate acceptance of responsibility, [and] we will not disturb a district court's decision to deny or grant the reduction unless that decision is clearly erroneous.'" United States v. Gonzalez, 781 F.3d 422, 431 (8th Cir. 2015) (second alteration in original) (quoting United States v. Walter, 62 F.3d 1082, 1083 (8th Cir. 1995) (per curiam)).

Wilson's trial strategy went far beyond seeking to assert and preserve an issue unrelated to factual guilt. See Bennett, 91 F.4th at 923. Rather, Wilson argued

---

[5]For the first time in his reply brief, Wilson also argues the evidence was insufficient to establish that he attempted to "use" B.Z. to capture sexually explicit conduct. See United States v. Jenkins-Watts, 574 F.3d 950, 970 (8th Cir. 2009) ("[W]e ordinarily do not address issues raised for the first time in an appellant's reply brief."). Even so, this argument fails on the merits. See United States v. Lemicy, 122 F.4th 298, 309 (8th Cir. 2024) ("Filming a minor engaged in sexually explicit conduct is one type of 'use' listed in § 2251(a).").

consistently throughout trial that he did not intend to create child pornography. In other words, Wilson argued he lacked the intent necessary for the charged offense, and in doing so, he "put[] the government to its burden of proof at trial by denying the essential factual elements of guilt." USSG § 3E1.1 comment. (n.2). The district court did not clearly err in finding Wilson had not accepted responsibility for purposes of § 3E1.1(a).

## III.

We affirm the judgment of the district court.

_____